## Case No. 13,539.

### STROHM v. UNITED STATES.

[Taney, 413.] [1]

Circuit Court, D. Maryland. April Term, 1840.

FORFEITURE — VESSEL BUILT FOR SLAVE-TRADE — GUILTY KNOWLEDGE—ACT OF CONGRESS.

1. Construction of the act of congress, passed 20th April, 1818, c. 91, in relation to the slave-trade [3 Stat. 450].

[1] [Reported by James Mason Campbell, Esq., and here reprinted by permission.]

2. The appellant built and fitted out two vessels at Baltimore, for a Portuguese merchant named De Sylva, member of a mercantile house at Bahia, and residing in Cuba; they were built under the superintendence of two men sent to Baltimore for that purpose from Havana, and who were to have command of the two vessels when built; De Sylva placed $14,000 in the hands of the appellant, his factor, in Baltimore, to be applied towards the construction of the vessels, and offered to pay any further sum that might be required. When the first of these vessels, called the Anne, was ready for sea, she was registered as the appellant's own property, and the usual oath of ownership taken by him at the custom house; as soon as she was so registered, she was seized by the collector, and proceedings were instituted against her in the district court, under the second section of the act of congress, passed 20th April, 1818, c. 91, on the ground that she was fitted out for the slave-trade, and the appellant appeared to these proceedings as her claimant; it was proved on the trial, that she was built and fitted out for the slave-trade, and that the appellant knew she was intended to be so employed: *Held*, that as the contracts for building the vessels, were made with the appellant, and the bills and expenses paid by him, as factor for De Sylva, the vessels must be regarded as built, fitted out and equipped by him, as factor for De Sylva, in the sense in which those words are used in the act of congress.

3. If the guilty purpose was entertained by the owner for whom the vessel was built or equipped, it is immaterial, whether the person who builds her or equips her, as factor or master, was apprised of it or not.

4. In order to work a forfeiture, a criminal intent must exist in the mind of the party who is lawfully entitled to direct the employment of the vessel; if the owner places the vessel under the control of a factor or master, who builds or equips her, with that unlawful intention, having at the time authority from the owner to direct the employment of the vessel, the offence described by the law is committed, and the vessel is liable to the penalty.

5. As the factor or master derives his authority over the vessel from the owner, she is, in their hands, responsible as fully, for any violation of law, as if the owner were present and directed it.

6. The fair construction of the act of congress is, that where the criminal purpose is proved to exist in the owner, or in the factor or master, who has the direction of the vessel at the time she is built or fitted out, the forfeiture attaches; and if the owner entertained the purpose, or the factor or the master, having at the time the control and direction of the vessel, the purpose of either one of the three being proved, it is not necessary to bring home the knowledge or purpose to either of the other two.

[Appeal from the district court of the United States for the district of Maryland.]

In admiralty. This was an appeal from the decree of the district court, condemning the above-named vessel, upon the ground that she was built, fitted out and equipped, at the port of Baltimore, for the purpose of being employed in the slave-trade. The vessel was seized and proceeded against under the second section of the act of the 20th of April, 1818, c. 91. It appeared from the evidence, that this schooner (together with another of a like description built at the same time), was built for a Portuguese merchant, named De Sylva, who was a partner of a mercantile house established at Bahia, in

South America; but De Sylva himself generally resided in Cuba. The two vessels were built under the superintendence of two men who were sent to Baltimore for that purpose, from Havana, by De Sylva; one of these men was a Spaniard and the other a Portuguese; and it appeared from the letters of De Sylva, introducing them to his factor, that they were to have the command of these schooners, as masters in the service, when the vessels were finished. The contracts for the building and equipping these vessels were made by [John F.] Strohm & Co., merchants of Baltimore; who were the factors of De Sylva, and in whose hands he placed $14.000, to be applied towards the building and equipping of the vessels, with an offer to pay anything further that might be found necessary to complete them. When the Anne was finished and equipped, and ready to sail, she was registered by Strohm & Co., as their own property; and the usual oath of ownership was taken by Strohm,' at the custom-house, in order to obtain for her American papers. As soon as Strohm thus registered her, she was seized by the collector, and the proper information lodged against her with the district-attorney; after some evident hesitation and wavering on the part of Strohm & Co., they appeared in court and claimed the schooner, and denied that she was built for the purpose of being employed in the slave-trade; and appealed from the decree of the district court condemning the vessel.

The counsel for the appellant contended, 1st. that there was no sufficient evidence to prove that the vessel was built or equipped for the slave-trade: 2d, that if De Sylva intended to employ her in the slave-trade, there was not sufficient evidence to show that Strohm & Co. knew it: and 3d, that the schooner having been built and equipped by Strohm & Co., as factors, she was not liable to condemnation, unless Strohm & Co. built or equipped her for the purpose of being employed in the slave-trade, and that the guilty purpose must be entertained by the party who builds or equips the vessel, in order to subject her to forfeiture.

J. Glenn and R. Johnson, for appellant.
N. Williams, Dist. Atty., for appellee.


TANEY, Circuit Justice, said, that upon the two first points above stated, it was very clear that the Anne was built for the slave-trade, and that Strohm & Co. knew it, and he then entered into a particular examination of the testimony, to show that it established the fact beyond a reasonable doubt.

In relation to the 3d point, he said, it was true, that the vessel was built, fitted out and equipped by Strohm & Co. as factors, and not by De Sylva himself as owner, nor by the two men, as masters, who superintended the building. The contracts were made with Strohm & Co., and the bills and expenses paid by them, as factors for De Sylva, and the schooner must therefore be regarded as built, fitted out and equipped by them, as factors, in the sense in which these words are used in the act of congress. But as the court was satisfied, upon the evidence, that Strohm & Co. knew the vessel was intended to the slave-trade, and built her for that purpose, she was liable to forfeiture, even upon the construction of the act of congress contended for by appellant.

The court were, however, of opinion that, if Strohm & Co. had been ignorant of the purpose for which De Sylva procured the schooner to be built, it would make no difference. If the guilty purpose was entertained by the owner, for whom the vessel was built or equipped, it is immaterial whether the person who builds her or equips her, as factor or master, was apprised of it or not. Upon any other construction the law would be nugatory; for it would be very easy for the foreign owner who, through a factor or a master, procured a vessel to be built or equipped for the slave-trade, in a port of the United States, to conceal from them any positive knowledge of the uses for which the vessel was intended. In general, the purpose of employing the vessel in the slave-trade, can exist only in the mind of the owner, for he has the power to control her movements; and if he procured her to be built or equipped for such a purpose, she is liable to forfeiture, although the factor or master, through whom the work was done, knew nothing of her destination. In order to work a forfeiture, a criminal intent must exist in the mind of the party who is lawfully entitled to direct the employment of the vessel; this the owner may always do; but if he places her under the control of a factor or master, who builds or equips her with that unlawful intention, having at the time authority from the owner to direct the employment of the vessel, the offence described by the law is committed, and the vessel is liable to the penalty. And inasmuch as the factor or master obtains his authority over the vessel from the owner, she is, in their hands, responsible as fully for any violation of law, as if the owner were present and directed it. Indeed, it might well happen, when the owner resided in a foreign country, that the unlawful purpose of the master or factor could be abundantly proved, while it would be impossible to offer any evidence of the knowledge of the owner.

The fair construction of the act of congress is this: that where the criminal purpose is proved to exist in the owner, or in the factor or master, who has the direction of the vessel at the time she is built or fitted out, the forfeiture attaches; and if the owner entertained the purpose, or the factor, or the master, having at the time the control and direction of the vessel, the purpose of either one of the three being proved,

as above-mentioned, it is not necessary to bring home the knowledge or purpose to either of the other two; the purpose of either one of them, as above stated, would subject the vessel to forfeiture. Here, however, it is clearly established by the evidence, that the owner, the factor and the master, all had a perfect knowledge of the unlawful purposes for which the Anne was built and fitted out: and in either view, therefore, of the construction of the act of congress, she must be condemned.

The decree of the district court is, therefore, affirmed with costs.